```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

JEREMY D. MCMILLIAN,            )
                                )
         Plaintiff,             )
                                )
     vs.                        )     Case No. 4:07CV960-DJS
                                )
MISSISSIPPI LIME CO.,           )
                                )
         Defendant.             )

## MEMORANDUM AND ORDER

The matter before the Court is defendant Mississippi Lime Company's ("MLC") motion to dismiss [Doc. #6]. The matter has been fully briefed and is ready for disposition.

### Procedural Background

On May 14, 2007, plaintiff Jeremy McMillian ("McMillian") filed a pro se complaint, alleging that his former employer, MLC, discriminated against him because of his "gender, age, retaliation and disabilities."[1] Doc. #1, p. 2. McMillian avers in his complaint that he was employed at MLC from March 24, 2003, until May 12, 2005; that the discriminatory practices of MLC started in the Spring of 2004; and that on July 1, 2005, he filed a claim of discrimination with the Equal Employment Opportunity Commission

---

[1] McMillian originally filed his complaint pro se. However, the Court notes that on November 6, 2007, an attorney entered his appearance on behalf of McMillian. See Doc. #16. No amended complaint has been filed.

("EEOC").[2] On February 24, 2006, the EEOC closed its file, and issued McMillian a right-to-sue letter.

## **Standard of Review**

As an initial matter, the Court notes that McMillian filed his complaint pro se, and as such is held "to less stringent standards than formal pleadings drafted by lawyers." Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). It is well established that in passing on a motion to dismiss, the Court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Miller v. Pilgrim's Pride Corp., 366 F.3d 672, 673 (8th Cir. 2004). A motion to dismiss will not be granted merely because the complaint does not state with precision every element necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure §1216 at 154 (1990). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 159. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hungate v. United States, 626 F.2d 60, 62 (8th Cir. 1981).

## **Discussion**

---

[2]McMillian states that "on, around and from the 31st day of June, 2005, Plaintiff filed charges of Employment discrimination against Defendant...." Doc. #1, p. 1. However, as there is no June 31, the Court finds that McMillian intended to allege that the filing occurred on, around and from July 1, 2005.

## A. Gender, Age, and Disability

McMillian's complaint alleges discrimination based on gender, age, and disability. Although he does not provide full statutory support for his allegations, such claims are brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., respectively.

Claims bought under Title VII, the ADEA, or the ADA are subject to certain time and exhaustion requirements. For instance, Title VII requires that a complainant's administrative charge of discrimination be filed with the EEOC:

> within one hundred and eighty days after the alleged unlawful employment practice occurred..., except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency..., such charge shall be filed...within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier[.]

42 U.S.C. § 2000e-5(e)(1). The same administrative exhaustion requirements apply to claims brought pursuant to the ADA and ADEA. See 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d), 633(b). The EEOC is then required to investigate the charge and the complainant must allow at least 180 days for the investigation to proceed. If, after 180 days, the EEOC has not resolved the charge, it must notify the complainant, generally through the issuance of a "Notice

of Right to Sue" letter, in which it states that it sees no reason to take further action. If a claimant wishes to pursue a private action, he must file it within ninety days of the date on which he has notice of the EEOC's decision not to pursue the administrative charge any further. This ninety-day window exists for charges under Title VII, the ADEA, and the ADA. See 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e).

**1. Claims Under Title VII and the ADEA**

MLC argues that, despite McMillian's numerous allegations, he has failed to provide any information or averment that gender and age discrimination charges were filed with the EEOC, and that those claims should be dismissed for failure to exhaust administrative remedies. McMillian has failed to rebut this assertion, and the Court cannot determine whether McMillian's instant discrimination claims under Title VII or the ADEA were presented at the administrative level. As this Court is without jurisdiction to hear McMillian's gender or age discrimination claims if those claims were not raised by McMillian at the administrative level, those claims will be dismissed.

**2. Claim Under the ADA**

MLC has provided, as an exhibit to its motion to dismiss, McMillian's Notice of Right to Sue letter from the EEOC. In that document, the EEOC indicates that it closed its file because McMillian's allegations did not "involve a disability" as defined by the ADA. Therefore, it appears that McMillian raised his claim

of disability discrimination at the administrative level before filing suit in this Court.

MLC, in its motion to dismiss, states that McMillian received his Notice of Right to Sue letter on February 24, 2006, but did not file this action until May 14, 2007. MLC argues that McMillian was required to file his disability discrimination claim within ninety days of receiving the Notice of Right to Sue letter, and because he waited over a year to file his complaint, his claim based on the ADA is time-barred. McMillian opposes MLC's motion, and argues that the filing deadline should be tolled.

The doctrine of equitable tolling can extend a plaintiff's filing deadlines in employment discrimination actions. "[A] timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); see also Briley v. Carlin, 172 F.3d 567, 570 (8th Cir. 1999) ("Equitable tolling will extend a deadline missed due to an employee's excusable ignorance...."). However, "equitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff." Briley, 172 F.3d at 570 (citing Shempert v. Harwick Chem. Corp., 151 F.3d 793, 798 (8th Cir. 1998)). Further, the burden to prove that equitable tolling should extend a deadline is on the claimant, and "is precluded once it is shown that the employee was generally aware of h[is] rights." Id.; Boos v.

Runyon, 201 F.3d 178, 185 (2d Cir. 2000). "[C]onclusory and vague claim[s], without a particularized description of how [a claimant's] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights, is manifestly insufficient to justify any further inquiry into tolling." Boos, 201 F.3d at 185.

In this case, McMillian argues that "[t]here is no indication in any Defendant's Pleadings that they were in any way prejudiced by Plaintiff's equitable tolling claim," and that a district court can toll a discrimination claim "due to an Employee's excusable ignorance, which...may include mental conditions." Doc. #11, p. 1. However, McMillian has not provided any particularized allegation that he in fact suffered from a condition that diminished his capacity to function generally or, more specifically, to pursue his rights with regard to his disability claim against MLC.

The Court finds that McMillian has not met his burden of showing that the ninety-day filing deadline should be tolled. More than ninety days passed between receipt of the Notice of Right to Sue letter and the filing of the current action, and on that basis the Court will dismiss McMillian's claim of discrimination based on disability.

**B. Claim of Retaliation**

McMillian also asserts claims of unlawful retaliation. McMillian asserts that he was retaliated against for: (1) claiming Workers' Compensation; (2) being the son of a supervisor; (3) not

"ratting" on other union members; (4) not resigning when asked to resign; and (5) seeking legal unemployment benefits due to him. However, the only cognizable claim of retaliation appears to be the claim based on Workers' Compensation retaliation. The others, as currently presented, do not identify any legally actionable claims of retaliation against MLC.

Although McMillian has not alleged a statutory basis for his claim of Workers' Compensation retaliation, pursuant to Mo. Rev. Stat. § 287.780:

> No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter [the Missouri Workers' Compensation Law, Mo. Rev. Stat. § 287.010-.975]. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

Therefore, McMillian's sole remaining claim of Workers' Compensation retaliation arises under Missouri law. Despite having supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367, because the Court will dismiss "all claims over which it has original jurisdiction," the Court will decline to exercise its supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Accordingly, McMillian's claim of Workers' Compensation will be dismissed without prejudice.

For all of the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Mississippi Lime Company's motion to dismiss [Doc. #6] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that, with regard to plaintiff Jeremy McMillian's claim of discrimination based on disability, the complaint is dismissed as untimely.

**IT IS FURTHER ORDERED** that, with regard to plaintiff Jeremy McMillian's claims of discrimination based on age and gender, the complaint is dismissed for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that all claims of unlawful retaliation asserted in the complaint, other than Workers' Compensation retaliation, are dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that, with regard to plaintiff Jeremy McMillian's claim of Workers' Compensation retaliation, the complaint is dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over that claim.

Dated this ___18th___ day of December, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE